IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUFEN INTERNATIONAL, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v | ) | 2:10-cv-199 |
| | ) | |
| LARRY J. LINT FLOOR & WALL COVERING, | ) | |
| CO., INC.,  JOHN G. POPELY | ) | |
| and EDWARD LINT. | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending now before the Court is the MOTION TO DISMISS, filed by Defendant John G. Popely (Doc. # 7), with memorandum of law in support (Doc. # 8), and PLAINTIFF'S RESPONSE TO JOHN G. POPELY'S MOTION TO DISMISS (Doc. # 13).  The motion is ripe for disposition.

### STATEMENT OF THE CASE

Plaintiff brings this diversity cause of action against the Defendants pursuant to 28 U.S.C. § 1332(a), alleging five counts: 1) fraud and concealment, 2) conspiracy, 3) breach of fiduciary duty, 4) interference with contractual relations, and 5) breach of contract.  *See* Doc. # 1.  The following facts are taken from the complaint.

Plaintiff Laufen International, Inc. is a corporation organized and existing under the laws of Oklahoma, and has its principal place of business in Miami , Florida.  *Id.* at ¶ 1.  Defendant Larry J. Lint Floor & Wall Covering Co., Inc., is a company organized and existing under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Westmoreland County, Pennsylvania.  *Id.* at ¶ 2.  Defendant Popely is a resident and citizen of

Ohio, while Defendant Edward Lint is a resident and citizen of Pennsylvania. *Id.* at ¶¶ 3 & 4.

The claims within the complaint arise from the previous commercial relationship of the parties. Defendant Larry J. Lint Floor & Wall Covering is a merchant in the business of selling flooring, carpets, and tiles. *Id.* at ¶ 8. In 2007, Defendant Larry J. Lint Floor & Wall Covering received a line of credit from Plaintiff to purchase goods and materials. *Id.* at ¶¶ 10 - 13. In accordance with purchase orders submitted by it, from June 30, 2007 through November 18, 2008, Defendant Larry J. Lint Floor & Wall Covering received goods from Plaintiff for sale. *Id.* at ¶ 14. The goods provided by Plaintiff have yet to be paid for by Defendant Larry J. Lint Floor & Wall Covering, with a total being owed of $1,177,318.46, not including interest, which was also agreed upon under the terms of the credit agreement. *Id.* at ¶¶ 18 - 19.

Defendant Edward Lint is alleged to be the owner, officer, managing agent, employee and/or authorized representative of Defendant Larry J. Lint Floor & Wall Covering. *Id.* at ¶ 23. Defendant Popely was formerly employed by Plaintiff, during which time he "had the responsibility, with others, for the Larry J. Lint Floor & Wall Covering account." *Id* at ¶ 24. Plaintiff believes and avers that Defendant Popely now works for Defendant Larry J. Lint Floor & Wall Covering. *Id.* at ¶ 25. More particularly, Plaintiff alleges that beginning in or around March of 2008, Defendant Lint requested certain unauthorized credits and financial concessions from Defendant Popely, who was employed by Plaintiff at the time, in exchange for a payment of $30,000.00 per year for six years. *Id.* at ¶¶ 26 - 29. The complaint further alleges that Defendant Popely agreed to this arrangement, and improperly authorized financial credits and concessions for Defendant Larry J. Lint Floor & Wall Covering's account with Plaintiff without Plaintiff's knowledge and consent. *Id.* It these facts from which the five counts of the complaint stem.

**STANDARD OF REVIEW**

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d).

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint.  The court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).  Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*

The United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters outside the realm of antitrust law.  When a complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.* at 1950.  However, a court is "not bound to accept as true a legal conclusion couched

3

as a factual allegation." *Id.* Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

## LEGAL ANALYSIS

Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest, and is between ... citizens of different States." Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant. *See e.g., Zambelli Fireworks Manufacturing Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The key inquiry in such matters thus turns upon the citizenship of each party to the action. *Id.*

The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In response to what had become divergent and increasingly complex variations among the Circuit Courts of Appeals in the interpretation of the statutory phrase "principal place of business", the United States Supreme Court recently held that a corporation's "principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz v. Friend*, -- U.S. --, 130 S.Ct. 1181 (2010). The Court further held that a principal place of business should normally be the place where the corporation maintains its headquarters, provided the headquarters is the actual center of direction, control, and coordination, in other words, the corporation's "nerve center". *Id.*

Defendant Popely's motion essentially raises two aspects of the question of whether the subject-matter jurisdiction exists, which the Court will address *seriatim*. As an initial matter, the

4

motion to dismiss challenges the sufficiency of the language of the complaint itself.  More specifically, Defendant Popely avers that simply pleading that Plaintiff's principal place of business is in Miami, Florida does not sufficiently describe the site where the overall direction, control, and coordination occurs for the purpose of satisfying the nerve center test articulated in *Hertz*.  Doc. # 8.  As such, Defendant Popely argues that the complaint should be dismissed.  *Id.*  For its part, Plaintiff responded in opposition that the *Hertz* decision did not change the pleading standards under Fed. R. Civ. P. 8.  Doc. # 13.  The Court agrees.

Given the limited jurisdiction of federal courts, a complaint must affirmatively demonstrate that a claim is within the subject matter jurisdiction of the federal court.  *See e.g.* 5 Wright & Miller: Federal Prac. & Proc. § 1208 (3d ed. 2004).  To invoke diversity jurisdiction, a plaintiff is required to plead that it is a citizen of a particular state and that the defendants are citizens of a different state or states.  *Id.*; *see also Johnson v. New York*, 315 Fed.Appx. 394, 395 (3d Cir. 2009).  Form 7(a), Statement of Jurisdiction, in the Appendix of Forms accompanying the Federal Rules of Civil Procedure illustrates the pleading of jurisdiction in diversity cases as follows:

> Plaintiff is [a citizen of the State of Michigan] [a corporation incorporated under the laws of Michigan with its principal place of business in Michigan].  The defendant is [a citizen of New York][a corporation incorporated under the laws of New York with its principal place of business in New York].  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

The language of Plaintiff's complaint is consistent with the language of this form.  Doc. # 1 at ¶ 1.  In fact, Plaintiff's complaint includes one additional level of detail in that it pleads the full address of Plaintiff's principal place of business, not just simply the state.  This subtle detail introduces Plaintiff's principal place of business to be an actual and single place, as opposed to a

theoretical or legal place, consistent with the Supreme Court's consideration in *Hertz* that the language of 28 U.S.C. § 1332(c)(1) supports the approach that a "corporation's nerve center ... is a single place." *Hertz, supra.* As such, the manner in which Plaintiff has pled diversity of the parties is more than a threadbare recitation of the elements. The Court finds that Plaintiff has satisfied its pleading requirement with its complaint. The analysis does not stop there, however.

The second aspect of Defendant Popely's motion for the Court is the question of whether Plaintiff has met its burden of overcoming the jurisdictional challenge. The burden of persuasion for establishing diversity is with the party asserting it. *Id.*, *see also Kokkonen v. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Attached to Plaintiff's response in opposition to the motion is an affidavit of Jordi Reverte, Plaintiff's Chief Financial Officer, attesting to, *inter alia*, the following facts: that Plaintiff's headquarters and administrative offices are located at the address in Miami, FL; that the Chief Executive Officer and the rest of Plaintiff's management team works in the Miami headquarters; that all decisions relating to Plaintiff's operations are made by the executives and management team working in the Miami headquarters; and that all finance functions and accounting functions are performed and managed in Plaintiff's Miami headquarters. Doc. # 13 at exhibit A. In light of these facts, the Court has no difficulty finding Plaintiff's headquarters in Miami, Florida to be its nerve center, and further, its principal place of business.

Taken as a whole, the Court finds that the complaint properly pled subject matter jurisdiction based upon the diversity of citizenship of the parties, and further finds that Plaintiff has carried its burden of persuasion to present jurisdictional facts sufficient to overcome

Defendant Popely's challenge.

## CONCLUSION

In accordance with the foregoing, the MOTION TO DISMISS filed by Defendant Popely,

Doc. # 7, is DENIED.

Defendant Popely shall file an answer to Plaintiff's complaint on or before April 23,

2010.

So ordered, this 9th day of April, 2010.

BY THE COURT:


s/  Terrence F. McVerry
United States District Court Judge


cc:     Dennis R. Callahan, Esquire
        Email: dcallahan@dallergreenberg.com
        John P. Liekar , Jr., Esquire
        Email: jliekar@ymlz.com
        Mark E. Ulven, Esquire
        Email: mulven@hrslaw.com