IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUFEN INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-199 |
| v | ) |
| | ) |
| LARRY J. LINT FLOOR & WALL COVERING, | ) |
| CO., INC.,  JOHN G. POPELY | ) |
| and EDWARD LINT. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF COURT**

Pending now before the Court is the MOTION TO DISMISS BY DEFENDANTS LARRY J. LINT FLOOR & WALL COVERING CO., INC. AND EDWARD LINT (Doc. # 9), with brief in support (Doc. # 10), PLAINTIFF'S RESPONSE TO MOTION TO DISMISS BY DEFENDANTS LARRY J. LINT FLOOR & WALL COVERING CO., INC. AND EDWARD LINT (Doc. # 14), and LARRY J. LINT FLOOR & WALL COVERING CO., INC., AND EDWARD LINT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS (Doc. # 15).  The motion is ripe for disposition.

**STATEMENT OF THE CASE**

Plaintiff brings this diversity cause of action against the Defendants pursuant to 28 U.S.C. § 1332(a), alleging five counts: 1) fraud and concealment, 2) conspiracy, 3) breach of fiduciary duty, 4) interference with contractual relations, and 5) breach of contract.  *See* Doc. # 1.  The following facts are taken from the complaint.

Plaintiff Laufen International, Inc. is a corporation organized and existing under the laws

of Oklahoma, and has its principal place of business in Miami , Florida. *Id.* at ¶ 1. Defendant Larry J. Lint Floor & Wall Covering Co., Inc., is a company organized and existing under the laws of the Commonwealth of Pennsylvania and has its principal place of business in Westmoreland County, Pennsylvania. *Id.* at ¶ 2. Defendant Popely is a resident and citizen of Ohio, while Defendant Edward Lint is a resident and citizen of Pennsylvania. *Id.* at ¶¶ 3 & 4.

The claims within the complaint arise from the previous commercial relationship of the parties. Defendant Larry J. Lint Floor & Wall Covering is a merchant in the business of selling flooring, carpets, and tiles. *Id.* at ¶ 8. In 2007, Defendant Larry J. Lint Floor & Wall Covering received a line of credit from Plaintiff to purchase goods and materials. *Id.* at ¶¶ 10 - 13. In accordance with purchase orders submitted by it, from June 30, 2007 through November 18, 2008, Defendant Larry J. Lint Floor & Wall Covering received goods from Plaintiff for sale. *Id.* at ¶ 14. The goods provided by Plaintiff have not been paid for by Defendant Larry J. Lint Floor & Wall Covering, with a total being owed of $1,177,318.46, not including interest, which was also agreed upon under the terms of the credit agreement. *Id.* at ¶¶ 18 - 19.

Defendant Edward Lint is alleged to be the owner, officer, managing agent, employee and/or authorized representative of Defendant Larry J. Lint Floor & Wall Covering. *Id.* at ¶ 23. Defendant Popely was formerly employed by Plaintiff, during which time he "had the responsibility, with others, for the Larry J. Lint Floor & Wall Covering account." *Id* at ¶ 24. Plaintiff believes and avers that Defendant Popely now works for Defendant Larry J. Lint Floor & Wall Covering. *Id.* at ¶ 25. More particularly, Plaintiff alleges that beginning in or around March of 2008, Defendant Lint requested certain unauthorized credits and financial concessions from Defendant Popely, who was employed by Plaintiff at the time, in exchange for a payment of $30,000.00 per year for six years. *Id*. at ¶¶ 26 - 29. The complaint further alleges that Defendant

Popely agreed to this arrangement, and improperly authorized financial credits and concessions for Defendant Larry J. Lint Floor & Wall Covering's account with Plaintiff without Plaintiff's knowledge and consent. *Id*. These are the facts from which the five counts of the complaint stem.

With their motion to dismiss, Larry J. Lint Floor & Wall Covering & Edward Lint ("the Lint Defendants") aver that Counts I and II should be dismissed pursuant to Fed.R.Civ.P. 9(b) for the failure to plead special matters, namely the failure to plead with particularity the circumstances constituting the alleged fraud by the Defendants. Doc. # 9. The Lint Defendants further offer other arguments justifying dismissal, particularly that the complaint fails to state a claim for which relief can be granted against the Lint Defendants for either a breach of a fiduciary duty (Count III) and for interference with contractual relations (Count IV); and that the tort claims (Counts I to IV) are barred by Pennsylvania's "gist of the action" doctrine. The Court will address each argument *seriatim*.

## STANDARD OF REVIEW

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "'contemplates the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the legal sufficiency of the complaint. The court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

The United States Supreme Court reaffirmed *Twombly* in *Ashcroft v. Iqbal*, --U.S.--, 129 S. Ct. 1937 (2009), and expressly extended the *Twombly* pleading standard to matters outside the realm of antitrust law. When a complaint contains well-pled factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

**LEGAL ANALYSIS**

The Court begins its analysis with the question of whether Plaintiff has adequately pled claims of fraud and concealment (count one) and conspiracy (count two). As a procedural matter, the Court notes that Fed.R.Civ.P. 9(b) does not expressly authorize a motion for its enforcement. Motions brought alleging a lack of particularity can be presented with a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), as it is here, but motions can also be brought with a

4

motion for a more definite statement (Rule 12(e)) or a motion to strike (Rule 12(f)).  For the reasons included herein, the court finds that, as pled, counts one and two satisfy Rule 9(b), that they will not be dismissed or stricken, and further that a more definite statement is not warranted.

**A. Count I: Fraud & Concealment**

Generally, fraud consists of any action or conduct that is calculated to deceive, whether by single act or combination or by suppression of truth, or suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture. *Tyler v. O'Neill*, 994 F.Supp. 603, 612 (E.D. Pa 1998)(citing *Michael v. Shiley, Inc.*, 46 F.3d 1316, 1333 (3rd Cir.1995); *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289 (3rd Cir.1991)). Courts in Pennsylvania have outlined the elements of common law fraud using the same fundamental structure, albeit with some variation in the terminology.  For the purpose of this motion, the Court will use the language recognized by the Court of Appeals for the Third Circuit for a common law action of fraud.  In order to prove fraud in Pennsylvania, a plaintiff must prove six elements: 1) a misrepresentation, 2) material to the transaction, 3) made falsely, 4) with the intent of misleading another to rely on it, 5) justifiable reliance resulted, and 6) injury was proximately caused by the reliance.  *Santana Products, Inc. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123, 136 (3d Cir. 2005)(citing *Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534 (Pa.Super.Ct.2003))[1].

---

[1] In comparison, the Superior Court of Pennsylvania has recognized five elements to a claim of common law fraud:  1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result.  *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa.Super. 2006).  While the terminology may vary slightly, these are differences without distinction.

The Lint Defendants argue that Plaintiff has failed to plead its fraud and concealment claim with sufficient specificity as required under Federal Rule 9(b). *See* Doc. # 10 at 2-4.  More particularly, the Lint Defendants itemize a number of deficiencies in the fraud allegation, to include arguments that the complaint fails to allege what "particular statement made by a defendant" was false, by whom such a statement was made, and any general content of the misrepresentation.  *Id.*  While the Lint Defendants are incorrect to note that conclusory allegations cannot satisfy Rule 9(b), the Court finds that Plaintiff has alleged sufficient facts to state a claim.

Plaintiff has alleged that as one of its employees, Defendant Popely was responsible for the credit account Defendant Larry J. Lint Floor & Wall Covering.  Further, Plaintiff alleged that Defendant Larry J. Lint accumulated a significant balance on goods purchased from Plaintiff beginning in 2007 and continuing through much of 2008, a balance that apparently has not been paid.  Plaintiff alleged that on or about March 3, 2008, Defendant Edward Lint, on behalf of Defendant Larry J. Lint Floor & Wall Covering, offered terms to Defendant Popely to personally pay Popely in exchange for credits and concessions Popely would arrange with Plaintiff for the Larry J. Lint Floor and Wall Covering Company.  Plaintiff alleged that Defendant Popely agreed to this arrangement, and the Plaintiff suffered damages as a result of the credits and concessions obtained by Larry J. Lint Floor & Wall Covering.

The Federal Rules of Civil Procedure provide that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). "Rule 9(b) requires plaintiffs to plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are

6

charged, and to safeguard defendants against spurious charges ...." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984).  While "allegations of 'date, place or time' fulfill these functions, ... nothing in the rule requires them.  Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.*  In the alternative, a plaintiff may satisfy the stringent pleading restrictions of Rule 9(b) by pleading with a degree of precision or some measure of substantiation into the fraud allegation.  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).  The Court of Appeals for the Third Circuit has further recognized that Rule 9(b) may be relaxed when the relevant "factual information is peculiarly within the defendant's knowledge or control."  *See EP Medsystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 882 (3d Cir.2000) (citation to quoted source omitted).

With these considerations in mind, and considering the facts alleged within the complaint, the Court finds that Plaintiff has sufficiently pled fraud and concealment.  This is not the case of "a cookie cutter complaint" in which a plaintiff makes imprecise claims without any measure of substantiation.  *See id.* at 881.  Rather, Plaintiff has brought an individual action, based upon an unauthorized *sub rosa* agreement between the Defendants to reduce the amount owed by Defendant Larry J. Lint Floor & Wall Covering Co.  *Cf. id.*  The heightened specificity requirements in Federal Rule 9(b) are intended to "give defendants notice of the claims against them, provide an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements."  *In re Suprema Specialities, Inc. Securities Litigation*, 438 F.3d 256, 270 (3d Cir. 2006).  Plaintiff's pleadings offend none of these principles, and the Lint Defendants' Motion to Dismiss count one pursuant to Rule 9(b) and Rule

12(b)(6) will be denied.

**B. Count II: Conspiracy**

Plaintiff's allegations of civil conspiracy are sufficiently pled in order to withstand dismissal under Rule 12(b)(6). Civil conspiracy occurs where two or more persons combine or agree with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979); *Doe v. Kohn, Nast & Graf, P.C.*, 862 F.Supp. 1310, 1328 (E.D.Pa.1994). The factual allegations underpinning count two are the same as those of count one, namely the arrangement for Defendant Popely to receive payments in exchange for arranging for credits and concessions for Larry J. Lint Floor & Wall Covering Company's credit account. More particularly, the terms of the agreement alleged as the conspiracy are both pled within the complaint and are further demonstrated in part by way of the printed copy of the electronic message exchanged between Defendants Lint and Popely attached to the complaint. *See* Doc. # 1 at ¶¶ 24-38 and exhibit C.

The essential elements of a claim for civil conspiracy are as follows: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage. *See Phillips v. Selig*, 959 A.2d 420, 437 (Pa.Super.2008). Plaintiff has pled all of these elements. Accordingly, the Lint Defendants' motion to dismiss the civil conspiracy claim will be denied.

**C. Count III: Breach of Fiduciary Duty**

The Lint Defendants move to dismiss Count III, the count jointly and severally alleging a breach of fiduciary duty against all defendants, on the basis that they did not have a fiduciary

relationship with Plaintiff. *See* Doc. # 10 at § C. More specifically, "Lint Floor's relationship with Plaintiff was solely a business arrangement, and Lint's relationship with Plaintiff was solely as an employee of Lint. Floor." *Id.* Such relationships, Defendants argue, cannot form the requisite "special relationship" necessary to establish a fiduciary duty. *Id.* (citing *Siematic Mobelwerke GMBH & Co., KG, v. Siematic Corp.*, Civ. A. No. 06-cv-5165, 2009 WL 2526436, *4 (E.D. Pa 2009)). A fiduciary duty exists when there is a "special relationship," which is one "involving confidentiality, the repose of special trust or fiduciary responsibilities." *eToll, Inc., v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 22 (Pa.Super.2002). Under Pennsylvania law, an employee, as an agent of his employer, is considered a fiduciary with respect to matters within the scope of his agency. *See SHV Coal, Inc. v. Continental Grain Co.*, 376 Pa.Super. 241, 545 A.2d 917, 920-921 (1988), rev'd on other grounds, 526 Pa. 489, 587 A.2d 702 (1991). As such, Plaintiff has sufficiently alleged that Defendant Popely owed a fiduciary duty to Plaintiff. With respect to count three as alleged against the Lint Defendants, aiding and abetting a breach of a fiduciary duty is a recognized cause of action in Pennsylvania. *See Official Committee of Unsecured Creditors of Allegheny Health Educ. and Research Foundation v. PriceWaterhouseCoopers, LLP,* 989 A.2d 313, 327, n. 14 (Pa. Feb. 10, 2010). In *Cummins v. Firestone Tire & Rubber Co.*, 344 Pa.Super. 9, 495 A.2d 963 (1985), the Superior Court of Pennsylvania addressed the viability of a claim alleging the aiding and abetting a breach of a fiduciary duty in terms of section 876 of the Restatement (Second) of Torts:

> In order for this cause of action to be viable, there must be acts of a tortious character pursuant to a common design or plan. RESTATEMENT (SECOND) OF TORTS § 876 comment (b) (1977). In the alternative, a defendant must render substantial assistance to another to accomplish a tortious act. As specifically stated in comment (d) to § 876(b), "in determining liability, the factors are the same as those used in

determining the existence of legal causation when there has been negligence...."
495 A.2d at 969; *see also Koken v. Steinberg*, 825 A.2d 723, 732 (PaCmwlth. 2003)(citing same).  The complaint pleads the same factual basis for Count III as it does for Counts I and II.  Just as Plaintiff alleged sufficient detail to satisfy the pleading requirements of Rule 9(b), the complaint alleges a cause of action against the Lint Defendants for a breach of fiduciary duty, and the Lint Defendants' motion to dismiss Count III will be denied.

**D. Count IV - Interference with contractual relations**

The Lint Defendants move to dismiss Count IV, the count directed against all defendants alleging a tortious interference with contractual relations.  *See*, Doc. # 10 at § III.D.  In Pennsylvania, the cause of action for malicious interference with contract is defined in the Restatement (Second) of Torts § 766.  This section of the Restatement, which was adopted by the Pennsylvania Supreme Court in *Adler, Barish, Daniels, Levin and Creskoff v. Epstein*, 482 Pa. 416, 393 A.2d 1175, 1 A.L.R.4th 1144 (1978), cert. denied, *Epstein v. Adler, Barish, Daniels, Levin and Creskoff*, 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979), provides as follows:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Restatement (Second) of Torts § 766; *see also Daniel Adams Associates, Inc. v. Rimbach Pub., Inc.*, 519 A.2d 997, 1000 (Pa.Super. 1987).  A right of recovery under this section requires the existence of a contractual relationship between a plaintiff and a "third person" other than the targeted defendant.  *See Daniel Adams Assoc.*, 519 A.2d at 1000 (citations omitted).  By definition, this tort necessarily involves three parties, with the tortfeasor alleged to be one who

10

intentionally and improperly interferes with a contract between the plaintiff and a third person. *Id.* "It is well settled that a corporation cannot tortiously interfere with a contract to which it is a party." *Nix v. Temple Univ.*, 596 A.2d 1132, 1137 (Pa.Super. 1991).

Defendant Larry J. Lint Floor & Wall Covering Co. argues that, as one of the parties to the credit agreement between it and Plaintiff, it is not a "third person" and cannot be liable for interference. Doc. # 10 at § III D. In response, Plaintiff argues that discovery is necessary to develop whether individual Defendant Lint was acting within the scope of his employment when effecting the agreement with Defendant Popely, and, as such, dismissal would be inappropriate at this stage. Doc. # 14.

Plaintiff's complaint is premised upon what appears to be two contractual relationships between itself and the Defendants. One on hand, there is the commercial credit agreement between Plaintiff and the Lint Defendants. On the other hand, there is an employment agreement between Plaintiff and Defendant Popely, under which Defendant Popely was responsible for Lint Floor account. Facts within the complaint allege that each Defendant, as a proverbial "third person", interfered with the respective contracts in which each was not a party. In other words, the Lint Defendants allegedly interfered with Popely's employment contract to induce Popely to act contrary to that contract, resulting in harm to Plaintiff. Likewise, Defendant Popely's alleged obtainment of "unauthorized" financial concessions and credits on behalf the Lint Defendants interfered with the credit agreement to Plaintiff's detriment. At this stage, the Court is satisfied that the factual allegations are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

**E. Counts I - IV: "Gist of the action" doctrine does not warrant dismissal**

Pennsylvania's gist of the action doctrine is a common law doctrine "designed to maintain the conceptual distinction between breach of contract claims and tort claims." *eToll v. Elias/Savion Advertising, Inc.*, 811 A.2d 10, 14 (Pa.Super.Ct.2002) (*citing Bash v. Bell Tel. Co.*, 411 Pa.Super. 347, 601 A.2d 825 (Pa.Super.1992), rev'd on other grounds by *Keefer v. Keefer*, 741 A.2d 808, 812 (Pa.Super.Ct.1999)). Tort actions lie for breaches of duties imposed by law as a matter of social policy, whereas contract actions lie only for breaches of duties imposed by consensual agreements between particular individuals.[2] *Id.* Thus, a claim is limited to a contract claim "when the parties obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts." *Hart v. Arnold*, 884 A.2d 316, 339-40 (Pa.Super.Ct.2005). If, on the other hand, the contract is merely collateral to the wrong described, the existence of a contract does not prevent recovery in tort. *eToll*, 811 A.2d at 14.

Pennsylvania courts have recognized four areas where the gist of the action doctrine precludes recovery in tort: (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the

---

[2] Although the Pennsylvania Supreme Court has not expressly reviewed the concept of the "gist of the action", it has recognized the problems inherent in allowing a party to proceed with both tort and contract claims for harm that arose in connection with a contractual relationship. *See Glazer v. Chandler*, 414 Pa. 304, 200 A.2d 416, 418 (Pa.1964); *see also Pediatrix Screening, Inc. v. Telechem Intern. Inc*, --- F.3d ---, 2010 WL 1542385 (3d Cir. Apr. 20, 2010). The Pennsylvania Superior Court has "operated under the assumption that the gist of the action doctrine is a viable doctrine that will eventually be explicitly adopted by [the] state's High Court." *Reardon v. Allegheny Coll.*, 926 A.2d 477, 486 (Pa.Super.Ct.2007)(citations omitted). The Court of Appeals for the Third Circuit likewise has adopted that view. *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103-04 (3d Cir. 2001).

breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim. *Id.* at 19 (citations omitted). Based upon the Court's review of Plaintiff's complaint, the statutory provisions at issue, and the relevant case law, the court concludes that the torts allegedly committed by the Defendant are not inextricably entwined with the commercial credit contract between the parties. While Plaintiff's complaint does allege damages resulting from the breach of contract, it also alleges facts and damages resulting from intervening conduct by individual Defendants Lint and Popely not encompassed within the terms of the contract.

## CONCLUSION

For the hereinabove reasons, the Court will deny the MOTION TO DISMISS BY DEFENDANTS LARRY J. LINT FLOOR & WALL COVERING CO., INC., AND EDWARD LINT (Doc. # 9). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUFEN INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-199 |
| v | ) |
| | ) |
| LARRY J. LINT FLOOR & WALL COVERING, | ) |
| CO., INC., JOHN G. POPELY | ) |
| and EDWARD LINT. | ) |
| | ) |
| Defendant. | ) |

ORDER OF COURT

AND NOW, this 27th day of April, 2010, it is hereby ORDERED, ADJUDGED AND DECREED that the MOTION TO DISMISS BY DEFENDANTS LARRY J. LINT FLOOR & WALL COVERING CO., INC., AND EDWARD LINT, Doc. # 9, is DENIED.

Defendants Larry J. Lint Floor & Wall Covering Co., Inc. and Edward Lint shall file an answer to Plaintiff's complaint on or before May 11, 2010.

So ordered, this 27th day of April, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Dennis R. Callahan, Esquire
      Email: dcallahan@dallergreenberg.com
      John P. Liekar , Jr., Esquire
      Email: jliekar@ymlz.com
      Mark E. Ulven, Esquire
      Email: mulven@hrslaw.com